PS8
(04/23)

# United States District Court
для the
**Eastern District of Michigan**

U.S.A. vs. Damon Perkins                                          Docket No. 25-20047

**Petition for Action on Conditions of Pretrial Release**

      COMES NOW Michael Portelli, Pretrial Services Officer, presenting an official report on defendant Damon Perkins, who was placed under pretrial release supervision on a $10,000.00 unsecured bond by United States Magistrate Judge Elizabeth A. Stafford, sitting in the court at Detroit, Michigan, on February 14, 2025, under the following conditions:

1. Report as directed to Pretrial Services.
2. Travel restricted to the Continental United States.
3. Surrender passport immediately to Pretrial Services.
4. Do not obtain a passport, enhanced identification, or other international travel document.
5. Do not possess a firearm, destructive device, or other dangerous weapon.
6. Surrender Concealed Pistol License to Pretrial Services by February 21, 2025.
7. Do not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner. Provide documentation of any prescribed medications to the supervising officer and any new medications prescribed by a licensed medical practitioner throughout supervision. Refrain from the use of marijuana which is prohibited by federal law.
8. Do not use a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Provide documentation of any prescribed medications to the supervising officer and any new medications prescribed by a licensed medical practitioner throughout supervision. Refrain from the use of marijuana which is prohibited by federal law.
9. Participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

On May 27, 2025, the defendant appeared before Your Honor for a Plea Hearing. A guilty plea was entered, and bond was continued. Sentencing is scheduled for January 22, 2026.

On July 10, 2025, the defendant appeared before Your Honor for a Pretrial Release Violation Hearing. Bond was continued, and the Order Setting Conditions of Release was amended to remove the condition "travel restricted to the Continental United States" and add the condition "travel restricted to the State of Michigan, unless previously approved by Pretrial Services." The hearing was requested due to the following bond violations:

The defendant submitted positive drug tests for opiates on the following dates: February 20, 2025, and March 6, 2025. The results were verified by confirmatory testing. The defendant

admitted to using controlled substances, and he was given a verbal warning. As a result, he was referred for a substance abuse assessment, which was completed on March 12, 2025. Subsequently, he was referred for bi-weekly, individual substance abuse treatment sessions.

The defendant submitted a positive drug test for opiates on March 14, 2025. The results were verified by confirmatory testing. He admitted to using codeine syrup several days before the test with friends. He was given a verbal warning, and a conversation was held regarding the dangers of opiate abuse.

On March 27, 2025, the defendant failed to attend substance abuse treatment as required. He reported he was unable to attend due to car trouble.

The defendant submitted a positive drug test for opiates on April 22, 2025. The results were verified by confirmatory testing. The defendant admitted to using codeine syrup several days before the test to help him sleep. He was given a verbal warning and explained the consequences of continued drug use.

On May 8, 2025, the defendant failed to report for drug testing. He said that he forgot to report.

On May 9, 2025, the defendant submitted a positive drug test for opiates. The results were verified by confirmatory testing. The defendant admitted to using codeine in a drink several days before the test to help relieve stress.

On May 14, 2025, the defendant failed to attend substance abuse treatment as required. He no-called/no-showed the appointment. When asked why he failed to attend, he reported he lost all his contacts in his phone. Pretrial Services advised him that if he has one more positive drug test, he will be referred for inpatient substance abuse treatment.

On May 22, 2025, the defendant submitted a positive drug test for fentanyl. The results were verified by confirmatory testing. He denied using any substances, even after the results were confirmed.

On May 28, 2025, Pretrial Services informed the defendant he will be referred for inpatient substance abuse treatment. He reported defense counsel advised him not to attend inpatient treatment, so he declined.

On October 22, 2025, the defendant submitted a positive drug test for fentanyl. At the time of the drug test, he denied using any controlled substances. The sample was verified via confirmatory testing. He admitted to taking a pill that he thought was Oxycodone. Pretrial Services advised him that he would be referred for inpatient substance abuse treatment.

On November 4, 2025, an inpatient treatment referral was made for Meridian Health in Waterford, Michigan. The length of the inpatient treatment program was twenty-eight to thirty days. The defendant had agreed to attend residential treatment.

On November 18, 2025, a Bond Violation Report was submitted to the Court. The defendant's intake date at inpatient treatment was scheduled for November 7, 2025. He reported as required, but he drove himself to the facility. Meridian Health advised him that he cannot keep a vehicle on the property. He indicated he did not have anyone to come pick up his vehicle. Subsequently, his intake was rescheduled for November 10, 2025.

On November 10, 2025, the defendant contacted Meridian Health to advise he had a family emergency, and that he was unable to attend his intake. However, when Pretrial Services contacted him to inquire about why he had to reschedule his intake, he said it was because he did not have transportation. Pretrial Services asked if he had a family emergency, and he said no. Since new intake admission was closed on November 11, 2025, for Veteran's Day, his intake was rescheduled for November 12, 2025.

On November 12, 2025, the defendant reported to Meridian Health for his residential treatment intake. Upon arrival, he submitted a drug test, which was positive for fentanyl and opiates. The defendant reported he used opiate cough syrup the day before his intake because he was upset that he had to go to residential treatment.

### Respectfully presenting petition for action of court and for cause as follows:

On November 19, 2025, Meridian Health reported the defendant left the residential treatment program without authorization and left against advice. According to the Clinical Director, Denise Barney, the defendant said he is aware of all the consequences of leaving the program, and he said he would still be leaving against advice.

Due to the defendant's continued and escalating substance use, and his refusal to attend inpatient substance abuse treatment, Pretrial Services views the defendant as an increased risk of danger to the community (including danger to himself), and an increased risk of nonappearance. Pretrial Services believes there are no conditions or combination of conditions that can reasonably assure the defendant's appearance and the safety of the community.

**PRAYING THAT THE COURT WILL ORDER the defendant's bond be revoked and issue a warrant for his arrest.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2025

Respectfully,

s/Michael Portelli

U.S. Pretrial Services Officer

Place: Detroit, Michigan

Date: November 19, 2025

**THE COURT ORDERS:**

[ ]    No Action

[ ]    Modification of Pretrial Conditions as Requested

[X]    Bond Review Hearing and defendant to appear before the Judge assigned to the case on **12/9/2025** at **1:00 p.m.**

[X]    The Issuance of a Warrant [check one of the below]

    [X]   Defendant to appear before the Judge assigned to the case for purposes of bond determination and Defendant temporarily detained pending hearing. Bond revoked.

    [ ]   Defendant to appear before the Duty Magistrate Judge for purposes of bond determination.

[ ]    The incorporation of the violation (s) contained in this petition with the other violations. pending before the Court.

[ ]    Other

### ORDER OF COURT

Considered and ordered this __20th__ day of __November__, __2025__ and ordered filed and made a part of the records in the above case.

*Jonathan J.C. Grey*

Honorable Jonathan J.C. Grey, United States District Judge for the Eastern District of Michigan

On behalf of

United States District Judge Denise Page Hood